IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUENTIN T. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1285-MN |
| | ) |
| ROBERT MAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Quentin T. Jones ("Plaintiff"), an inmate at the Howard R. Young Correctional Institution, filed this action on November 22, 2024 pursuant to 42 U.S.C. § 1983. (D.I. 3) He appears *pro se* and was granted leave to proceed *in forma pauperis* on December 9, 2024. (D.I. 5) For the reasons set forth below, I recommend that the court VACATE the December 9, 2024 order granting Plaintiff leave to proceed *in forma pauperis* and order Plaintiff to pay the filing fee within thirty (30) days from the date of the court's Order addressing this Report and Recommendation.

I.   **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in 28 U.S.C. § 1915(g).

## II. DISCUSSION

It has come to the court's attention that Plaintiff, while incarcerated, has filed three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Jones v. Woloshin*, C.A. No. 23-521-MN, 2023 WL 8827118 (D. Del. Dec. 21, 2023) (dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2)); *Jones v. Delaware*, C.A. No. 20-746-MN, 2021 WL 38275 (D. Del. Jan. 5, 2021) (dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2)); *Jones v. Metzger*, C.A. No. 18-227-LPS, 2018 WL 3850647 (D. Del. Aug. 13, 2018) (dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1)). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of the complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001).

Plaintiff's complaint does not meet the Section 1915(g) standard. His claims concern the confiscation of his religious Santeria beads by prison personnel. Consequently, Plaintiff is not excused from the restrictions under Section 1915(g), and he may not proceed without prepayment of fees.

## III. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

**ORDER**

At Wilmington this ___th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on April 9, 2025 is **ADOPTED**.

2

2. The December 9, 2024 Order (D.I. 5) granting Plaintiff leave to proceed *in forma pauperis* is **VACATED**.

3. Plaintiff shall pay the $405 filing fee within thirty (30) days from the date of this Order. If Plaintiff does not pay the filing fee within that time, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(g).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: April 9, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE